IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK McCANN,

                Plaintiff,                       ORDER

v.

                                                  10-cv-772-wmc

CHELSEA LLOYD,

                Defendant.

---

      This is a proposed civil action that plaintiff Derrick McCann, proceeding pro se, has filed against defendant Chelsea Lloyd for interfering with the custody of his children. McCann has been allowed to proceed without prepayment of costs and fees in this action. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, because McCann is requesting leave to proceed without prepayment of costs, her complaint must be screened by the court and dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

      From the allegations in his complaint, it appears McCann is raising a state law tort claim, which this court can entertain only if McCann and defendant Lloyd are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff has not asked for damages in an amount exceeding $75,000 nor has he alleged facts that would allow a determination that the parties are of diverse citizenship. A federal court has an independent obligation to insure that it has jurisdiction to hear each case presented to it. *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 379 (7th Cir. 2000).

1

In his complaint, McCann alleges only the residence of the parties to this lawsuit. For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. *Steigleder v. McQuesten*, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that plaintiff's and defendant's citizenship are diverse, it is plaintiff's burden to establish citizenship of all parties. I will give him until January 10, 2011 to submit information establishing the citizenship of the parties and to list any money damages that he is requesting.

## ORDER

IT IS ORDERED that

1. Plaintiff may have until January 10, 2011, in which to file with the court a response to this order establishing the citizenship of the parties in this lawsuit, to include the amount of money damages, if any, he is seeking.

Entered this 9th day of December, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge